IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TRAVIS JOHNSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:22-cv-237 |
| RAZOR USA LLC AND JOHN DOE, | § § § | |
| Defendants. | § | |

### DEFENDANT RAZOR USA LLC'S NOTICE OF REMOVAL

Defendant Razor USA LLC ("Razor") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to remove this action filed in the 398th Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division. In support thereof, Razor respectfully shows the Court the following:

### I.   BRIEF FACTUAL AND PROCEDURAL BACKGROUND

This case concerns personal injuries Plaintiff Travis Johnson ("Johnson") allegedly sustained that resulted from an accident in San Antonio, Texas. *See* Exhibit 1, Plaintiff's Original Petition ¶ 8; *see also* Exhibit 3, Razor's Motion to Transfer Venue and, subject thereto, Original Answer ¶¶ 4-5. Specifically, Johnson claims an unidentified Razor employee struck Johnson with a vehicle as Johnson was walking in the crosswalk between the River Center Marriot and a Denny's restaurant. Exhibit 1 ¶ 8. Because he allegedly suffered injuries in this accident, Johnson sued Razor and the fictitious "John Doe" driver for negligence on June 9, 2022, in the 398th Judicial District Court in Hidalgo County, Texas. Exhibit 1 at 1. Johnson served Razor with process on June 23, 2022. Exhibit 2, Executed Process. Razor timely moved to transfer venue from Hidalgo

County to Bexar County and answered Johnson's Petition subject the Motion to Transfer Venue. Exhibit 3.[1]

## II.   TIMELINESS OF REMOVAL

As previously stated, Johnson served Razor with process on June 23, 2022. Exhibit 2. Therefore, Razor timely removes this action within 30 days of service pursuant to 28 U.S.C. § 1446(b)(1).

## III.   GROUNDS FOR REMOVAL

"District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing 28 U.S.C. § 1332)). Therefore, this Court has original jurisdiction over this matter because the parties are diverse and the face of Johnson's Petition satisfies the amount in controversy requirement.

### A.   Complete Diversity of the Parties

As a natural person, Johnson's "domicile" determines his citizenship for diversity purposes. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). Here, Johnson is domiciled in Texas. Indeed, Johnson's Petition affirmatively states he resides in Texas. Exhibit 1 ¶ 4. Therefore, Johnson was a citizen of Texas at the time he filed his Petition against Razor and is still a citizen of Texas at the time of this removal. *See Ashford v. Aeroframe Services, L.L.C.*, 907 F.3d 385, 386 (5th Cir. 2018) ("diversity of citizenship must exist *both* at the time of filing in state court *and* at the time of removal to federal court") (emphasis in original)

---

[1] As reflected in Exhibit 3 (Razor's Motion to Transfer Venue), venue is not proper in Hidalgo County, Texas under the Texas general venue rules. Similarly, this District and Division is not a proper venue under federal law. *See* 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Johnson's claim occurred in Bexar County, Texas. *See Id.* Further, as set forth herein, Razor does not reside anywhere in Texas. Therefore, immediately following this removal, Razor intends to move to transfer this matter to the Western District of Texas, San Antonio Division.

(quoting *Coury v. Prot*, 85 F.3d 244, 248-49 (5th Cir. 1996)).

As a domestic limited liability company, Razor's citizenship is determined by the "citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Razor has three members as detailed below:

a. Great GT, L.L.C. ("Great") is the first Razor member. Great is a foreign limited liability company formed under the laws of the Cook Islands through the Cook Islands Trust Corporation, Ltd. Great's sole member is a trust formed by Gino Tsai (former citizen of China). Tina Tsai (Gino Tsai's widow) is Great's current trustee. Mrs. Tsai is a citizen of the People's Republic of China. Therefore, Great is a "citizen or subject of a foreign state." 28 U.S.C. § 1332(a)(2).

b. Small Minds Press, Inc. ("Small Minds") is the second Razor member. Small Minds is an S corporation formed under the laws of the State of California, whose principal place of business is also the State of California.[2] Therefore, Small Minds is a citizen of California. 28 U.S.C. § 1332(c)(1).

c. ROJIS LLC ("ROJIS") is the third Razor member. ROJIS is a domestic limited liability company whose sole member, Wei Pei Chen, is domiciled in the State of Washington. Therefore, ROJIS is a citizen of Washington. *See Harvey*, 542 F.3d at 1080.

Finally, the citizenship of the unidentified "John Doe" Defendant does not factor into the diversity analysis. 28 U.S.C § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of the this title, the citizenship of defendants sued under fictitious names shall be disregarded"). Therefore, complete diversity exists because this dispute involves a citizen or subject of a foreign state and citizens of California, Texas, and

---

[2] Small Minds is owned by Carlton Calvin and Mary Blodgett, husband and wife, both U.S. citizens with residence in California.

Washington. The parties were completely diverse at the time Johnson filed his Petition and remain completely diverse at the time of this removal.

### B. The Amount in Controversy Exceeds $75,000

A defendant can satisfy the amount in controversy requirement if it is "facially apparent" from a plaintiff's petition that the claims exceed the sum or value of $75,000. *Allen v. R.H. Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). According to Johnson's Petition, he seeks "relief over $250,000.00 but not more than $1,000,000.00[.]" Exhibit 1 ¶ 3. Therefore, it is facially apparent that this Court has original jurisdiction over this matter.

### IV. VENUE

This District Court and Division embraces Hidalgo County, where the removed state court action has been pending. *See* 28 U.S.C. § 1441(a) (the removing party must remove the case "to the district court of the united States for the district and division embracing the place where such action is pending").[3] Specifically, the 398th Judicial District Court of Hidalgo County, Texas is geographically located within the Southern District of Texas, McAllen Division.

### V. PROCEDURAL COMPLIANCE

Copies of all process, pleadings, orders, and other filings in the state-court suit, as well as the requisite Civil Cover Sheet are attached to this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and Local Rule 81. Those documents include the following Exhibits:

Exhibit 1:   Plaintiff's Original Petition, filed June 9, 2022;

Exhibit 2:   Executed Process, dated June 23, 2022;

---

[3] As stated previously in footnote 1, while this District and Division is the only appropriate venue to which Razor can remove this matter, it is not a proper venue to maintain this action. *See* 28 U.S.C. §§ 1391(b), 1446(a). Johnson filed suit in an improper venue in state court, as well as an improper venue under federal law. Procedurally, Razor cannot move to transfer this matter to an appropriate federal district court until after removal from Texas state court. Therefore, Razor does not intend to waive its right to seek a transfer. Instead, Razor will promptly and timely seek a transfer after removal, as provided by Federal Rule of Civil Procedure 12(b)(3).

<div style="padding-left: 2em;">

Exhibit 3:    Defendant Razor USA LLC's Motion to Transfer Venue and, subject thereto, Original Answer, filed July 15, 2022;

Exhibit 4:    Civil Cover Sheet;

Exhibit 5:    Index of Matters Filed; and

Exhibit 6:    A list of all counsel of record, including addresses, telephone numbers, and parties represented.

</div>

Razor will promptly file a notice of this removal with the clerk of the state court where the suit has been pending. By filing this Notice of Removal, Razor does not waive any legal defenses or objections to Johnson's Petition, but expressly reserves its right to raise any and all legal defenses or objections in subsequent pleadings in this Court. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required under 28 U.S.C. § 1446(a).

## VI.    JURY DEMAND

Razor demands a trial by jury. Razor made a jury demand in accordance with state law in the state court proceeding and has therefore preserved its right to a jury trial. *See* Fed. R. Civ. P. 81(c)(3)(A).

## VII.    CONCLUSION

Razor represents that it has properly complied with the removal statutes set forth above, and this case thus stands removed from the 398th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

*/s/ Suzanne H. Swaner*
**SUZANNE H. SWANER**
State Bar No. 900001631
Suzanne.swaner@nelsonmullins.com
**TRACY J. CARSON**
State Bar No. 24101600 (*admission pending*)
Tracy.carson@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Telephone (469) 484-6100
Telecopier (469)828-7217

**ATTORNEYS FOR DEFENDANT RAZOUR USA LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel, in accordance with the Federal Rules of Civil Procedure on the 21st day of July 2022.

*/s/ Suzanne H. Swaner*